

**Dated: September 10, 2018**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Ben L. Young and | ) | Case No. 18-12669-JDL |
| Marsha Lynn Young, | ) | Ch. 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Ben and Marsha Young, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-1070-JDL |
| | ) | |
| Mike Rogers, Justin Tarrant | ) | |
| d/b/a Crescent Management | ) | |
| d/b/a MKR Properties | ) | |
| d/b/a SKR Properties | ) | |
| d/b/a MSK Properties | ) | |
| d/b/a KKS Properties | ) | |
| d/b/a J&T Management, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR EMERGENCY
STAY OF WRIT OF ASSISTANCE**

Before the Court for consideration is the *Motion for Order on Emergency Stay to*

*Crescent Management's Writ of Assistance, Set to Expire on Monday, August 13, 2018 at 1:00 PM* (the "Motion") filed by Plaintiff/Debtors Ben and Marsha Young (the "Debtors" or the "Youngs") [Adv., Doc. 3] and the *Objection to Issuance of Temporary Restraining Order and Requested Injunctive Relief* filed by party-in-interest Crescent Management, LLC ("Crescent") (the "Objection")  [Adv., Doc. 7].   This adversary proceeding is the latest chapter in the history of a tortuous eight-year battle between Crescent, as foreclosing mortgagee, and the Youngs, as mortgagors.  Although not entirely clear, Debtors' Motion apparently seeks the Court to enjoin enforcement of a state court writ of assistance dispossessing the Debtors from their home.   The following constitutes findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052 and 9014.

## I.  Background

On September 9, 2010, Crescent commenced a foreclosure action of the Youngs' residence in the District Court of Logan County, State of Oklahoma, in the case styled *Crescent Management, L.L.C.  v.  Ben L. Young and Marsha Young*, Case No. CJ- 2010-281 (the "State Court Action").   On March 20, 2015, a Journal Entry of Judgment was entered finding, *inter alia*, that Crescent was entitled to foreclose its mortgage.

Primarily to prevent the entry of an order confirming a foreclosure sale on their residence which had taken place on September 8, 2015, on September 16, 2015, Debtors filed a Petition for Relief under Chapter 13. [Case No.15-13543].   On May 7, 2018, the bankruptcy was dismissed as a result of the Debtors having failed to make plan payments. [*Id*. at Doc. 66].   With the dismissal of the bankruptcy case, there was no automatic stay and the state foreclosure action proceeded. On May 18, 2018, an order was entered

2

confirming the sheriff's sale.[1]

On June 26, 2018, the Debtors filed the present Chapter 13 bankruptcy. Because this was the Debtors' second case pending within one year, the automatic stay provided for under 11 U.S.C. § 362(a) terminated upon the expiration of 30 days after the date of the case's filing, or by July 26, 2018. On August 1, 2018, the Debtors filed a *Motion for Order on  Continuation of Automatic Stay* etc. [Case No. 18-12669, Doc. 24]. Since the Motion to Continue the Stay was filed six (6) days *after* the 30th day deadline imposed by § 362(c)(3)(A), the Motion to Continue the Stay was filed untimely and was denied by the Court's entry of its *Order Denying Motion for Order on Continuation of Automatic Stay and Striking All Other Requests for Relief* on August 3, 2018. [Case No. 18-12669, Doc. 28].

While the Court's Order of August 3, 2018 had found there was no automatic stay in effect, the Debtors' mortgagee by an *Application for Declaratory Order Regarding Automatic Stay* sought a "comfort order" that the mortgagee's execution of a sheriff's deed was not violative of the automatic stay. [Case No. 18-12669, Doc. 32]. On August 6, 2018, the Court entered its *Order Granting Application for Declaratory Order Regarding Automatic Stay* again confirming that as of the time of the recordation of a sheriff's deed

---

[1]The Court is entitled to take judicial notice of both its own docket sheets and the state court docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Adams v. Watts,* 2009 WL 5101759 (W.D. OK. 2009) (taking judicial notice of the public records of the District Court of Comanche County available on the Internet); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. OK. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 79 Fed.Appx. 383, 391 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R.Evid. 201).

on May 21, 2018, there was no automatic stay in effect. [Case No. 18-12669, Doc. 34]. Also on August 6, 2018, the Court Clerk of Logan County issued a Writ of Assistance directing the Sheriff of Logan County to place Crescent in full possession of the home of the Youngs which had been foreclosed. [Adv., Doc. 1, pg. 7]. By its Order of August 17, 2018, the State District Court overruled the Youngs' Motion to Vacate Confirmation of Sheriff's Sale. Also on August 17, 2018, the State District Court entered an Order finding that the Writ of Assistance had been executed placing Crescent in legal possession of the property and directing the Youngs to immediately remove all personal property from the property within twenty days or the personal property would be deemed abandoned. The Youngs were served with a copy of the Order on August 22, 2018.

The Youngs filed two motions for this Court to reconsider its August 6, 2018, Order determining that the automatic stay was not in effect. The first of the two Motions [Case No.18-12669, Doc. 41] was stricken by the Court on procedural grounds. [Case No. 18-12669, Doc. 43]. On August 23, 2018, the Court denied the second Motion to Reconsider on substantive grounds, thus reaffirming the Court's prior determination that there was no automatic stay in effect as regarded the state court foreclosure proceedings. [Case No. 18-12669, Doc. 45].

On August 13, 2018, the Youngs commenced the present adversary proceeding by filing, not a complaint, but a *Motion for Emergency Stay to Crescent Management's Writ of Assistance, Set to Expire on Monday, August 13, 2018, at 1:00 PM and Notice of Opportunity of Hearing.* [Adv., Doc.1]. The adversary was not brought against Crescent but against two individuals, Mike Rogers and Justin Tarrant "doing business" under several

4

trade names, including Crescent Management.  The relationship of Rogers and Tarrant with Crescent is not stated.  Crescent in its Objection asserts that the "only connection Justin Tarrant has to Crescent is that he was a member of J&T Management, LLC, which entity was at one time a member of Crescent, until it withdrew as a member."

At the same time the Youngs filed their Motion commencing the adversary, they filed the Motion presently before the Court which makes exactly the same allegations as the pleading initiating the adversary.  The relief which the Motion seeks is not clear.  The Motion prays that the Court issue "a stay and a 30 day temporary restraining order ... and other related issues".  From allegations in the Motion, it appears that the restraining order is sought so that the Youngs have additional time to "continue seeking legal representation, attendance at several hearings, relocation and receive funding to remain in the home." From the title of the Motion and the allegations, the Court infers that the Youngs are seeking to enjoin enforcement of the state court Writ of Assistance that has already been served and enforced by the Youngs eviction from the residence.  The Youngs thereafter requested the Court to set the Motion for hearing on September 11, 2018, at 2:00 P.M., and filed a *Notice of Hearing* reflecting that setting. [Adv., Doc. 6].

## II. Discussion

The Youngs' Motion seeking injunctive relief is fraught with procedural and substantive deficiencies:

First, there is nothing in the record that proper notice setting the Motion was given. The "Certification of Service" to the Notice of Hearing reflects that a copy of the same was mailed to the United States Trustee, the Chapter 13 Trustee and counsel for Crescent.

5

There is nothing in the record reflecting that the Notice of Hearing was given to either one of the two named Defendants, Justin Tarrant and Michael Rogers.  Neither is there anything in the record to indicate that Defendant Rogers was properly served with a copy of the Motion.

Second, the Anti–Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from enjoining state court proceedings except in three situations, the statute providing:

> A court of the United States may not grant an injunction to stay proceedings in a State court except a expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Tenth Circuit, however, has found that a bankruptcy court is not a "court of the United States" as defined in 28 U.S.C. § 451, and that the definition contained in § 451 "is applicable to all of Title 28."  *In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084, 1086 (10th Cir. 1994); *In re Long*, 2011 WL 798821 (Bankr. D. Kan. 2011).[2]   Even if the Anti-Injunction Act did apply to bankruptcy courts, it has long been recognized that one of the three exceptions to the Anti-Injunction Act is that bankruptcy courts have explicitly been given the equitable power to enjoin state court proceedings to protect and enforce its judgments under 11 U.S.C. § 105(a):

> The court may issue any order, process, or judgment that is

---

[2] "Court of the United States" is defined in § 451 as including the Supreme Court, the Courts of Appeals, the district courts, the Court of International Trade and "any court created by Act of Congress the judges of which are entitled to hold office during good behavior."  Circuit courts are split on this issue.  Compare *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3rd Cir. 2008) (finding that a bankruptcy court is a unit of the district court which is a "court of the United States" and "thus the bankruptcy court comes within the scope of § 451."); *In re Cohoes Industrial Terminal, Inc.*, 931 F.2d 222, 230 (2nd Cir. 1991) (bankruptcy courts have authority to impose sanctions under 28 U.S.C. § 1927, thereby at least implicitly finding that the bankruptcy court is a "court of the United States").

> necessary or appropriate to carry out the provisions of this title.
> No provision of this title providing for the raising of an issue by
> a party in interest shall be construed to preclude the court
> from, *sua sponte*, taking any action or making any
> determination necessary or appropriate to enforce or
> implement court orders or rules, or to prevent an abuse of
> process.

For example, it is well settled that § 105(a) affords the bankruptcy courts the power to enjoin a state court from collecting a debt in violation of a § 524 discharge injunction, to protect the debtor from proceedings stayed by § 362(a), or when the principles of claim preclusion or collateral estoppel are applicable, such as to enforce confirmation orders. "A stay of litigation in another forum may be 'necessary or appropriate' to ensure that the state court proceeding does not hurt the bankruptcy estate, impair a debtor's reorganization efforts, or after termination of the automatic stay when the dischargeability of a particular debt has not yet been determined." *Buke, LLC v. Eastburg (In re Eastburg),* 440 B.R. 864, 870-71 (Bankr. D. N.M. 2010); *In re Long,* 2011 WL 798821*2 (Bankr. D. Kan. 2011). None of those issues are involved here.

Here, the Youngs seek to enjoin state court proceedings which this Court has on no less than three prior occasions determined that there was no automatic stay applicable. [Case No.18-12669, Docs. 28, 34 and 45]. Furthermore, with the confirmation of the Sheriff''s sale on May 18, 2018, the Youngs' residence was no longer property of the bankruptcy estate entitled to protection from state court foreclosure proceedings. *In re Soriano,* 587 B.R. 371, 385-86 (Bankr. W.D. Okla. 2018). The Writ of Assistance which the Youngs seek to enjoin has already been served, enforced and the Youngs dispossessed from the property. Enjoining the Writ of Assistance is at this point moot.

This Court cannot "restore" the Youngs to occupancy of their home or overturn the State Court order for them to remove their personal property from the home. In short, there is absolutely no basis under § 105(a) for this Court to now assert its jurisdiction to enjoin the state court proceedings seeking enforcement of that court's orders.

Third, in their Motion the Youngs have not alleged any of the requisite elements for the issuance of a Temporary Restraining Order (TRO) or a preliminary injunction. The requirements for the issuance of a TRO are essentially the same as those for the issuance of a preliminary injunction. Injunctive relief is considered an "extraordinary remedy", and the movant must demonstrate a "clear and unequivocal right" in order to have a request granted. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 1992). In determining whether to grant injunctive relief, courts consider the following four factors: (1) whether the moving party will suffer irreparable injury unless the injunction issues; (2) whether there is a substantial likelihood that the moving party will eventually prevail on the merits, (3) whether the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party and (4) whether the injunction, if issued, would not be adverse to the public interest. *Resolution Trust Corp. v Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992); *Federal Lands Legal Consortium ex rel. Robart Estate v. United States of America,* 195 F.3d 1190, 1194 (10th Cir. 1999)*; Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005). The Youngs *do not set forth any basis(es) for injunctive relief,* nor does this Court believe they could make such a showing. Accordingly,

**IT IS ORDERED** that the Youngs' *Motion for Order on Emergency Stay to Crescent Management's Writ of Assistance, Set to Expire on Monday, August 13, 2018 at 1:00 PM*

[Adv., Doc. 3] be and the same is hereby **Denied.**

**IT IS FURTHER ORDERED** that with the entry of this order the hearing set for September 11, 2018, at 2:00 P.M., is hereby **Stricken**.

**# # #**