

**Dated: September 24, 2018**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Ben L. Young and | ) | Case No. 18-12669-JDL |
| Marsha Lynn Young, | ) | Ch. 13 |
| | ) | |
|       Debtors. | ) | |
| | ) | |
| Ben and Marsha Young, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-1070-JDL |
| | ) | |
| Mike Rogers, Justin Tarrant | ) | |
| d/b/a Crescent Management | ) | |
| d/b/a MKR Properties | ) | |
| d/b/a SKR Properties | ) | |
| d/b/a MSK Properties | ) | |
| d/b/a KKS Properties | ) | |
| d/b/a J&T Management, | ) | |
| | ) | |
|       Defendants. | ) | |

**ORDER DENYING MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT
<u>AND DISMISSING ADVERSARY WITH PREJUDICE</u>**

This matter comes on for consideration upon the *Motion and Memorandum in Support of Motion to Extend Time to Amend Adversary Proceeding* filed on August 31, 2018, filed by *pro se* Plaintiff Ben Young (Young) ("the Motion") [Adv., Doc. 9] and the *Objection to Motion to Extend Time to Amend* filed by party-in-interest Crescent Management, L.L.C. ("Crescent") filed on September 4, 2018 [Adv., Doc.10]. While the Motion is certainly no model of clarity and does not have attached to it a copy of the proposed amended complaint, it appears the Motion seeks leave of court to allow a complaint challenging the validity of Crescent's state court foreclosure proceedings which includes a final judgment and post-judgment proceedings in aid of execution. On more than one occasion this Court has previously ruled that it has no jurisdiction to enjoin or otherwise attack the state court proceedings, and it will not now permit a challenge to those proceedings by way of Young's filing of an amended complaint. The below constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052 and 9014.

## Background - Statement of the Case

In order to understand Young's Motion before the Court and the Court's ruling, it is necessary to review the state court foreclosure litigation, the lead bankruptcy case and this adversary.

On September 9, 2010, Crescent commenced a foreclosure action of the Youngs' residence in the District Court of Logan County, State of Oklahoma, in the case styled *Crescent Management, L.L.C. v. Ben L. Young and Marsha Young*, Case No. CJ- 2010-281 (the "State Court Action"). On March 20, 2015, a Journal Entry of Judgment was entered finding, *inter alia*, that Crescent was entitled to foreclose its mortgage.

Primarily to prevent the entry of an order confirming the foreclosure sale on their residence which had taken place on September 8, 2015, on September 16, 2015, Debtors filed a Petition for Relief under Chapter 13. [Case No.15-13543].[1] On May 7, 2018, the bankruptcy was dismissed as a result of the Debtors having failed to make plan payments. [*Id*. at Doc. 66]. With the dismissal of the bankruptcy case, there was no automatic stay and the state foreclosure action proceeded. On May 18, 2018, an order was entered confirming the sheriff's sale.[2]

On June 26, 2018, the Debtors filed the present Chapter 13 bankruptcy. Because this was the Debtors' second case pending within one year, the automatic stay provided for under 11 U.S.C. § 362(a) terminated upon the expiration of 30 days after the date of the case's filing, or by July 26, 2018. On August 1, 2018, the Debtors filed a *Motion for Order on Continuation of Automatic Stay* etc. [Case No. 18-12669, Doc. 24]. Since the Motion to Continue the Stay was filed six (6) days *after* the 30 day deadline imposed by § 362(c)(3)(A), the Motion to Continue the Stay was filed untimely and was denied by the

---

[1] This was the second bankruptcy filed in an attempt to stay the affect of the foreclosure judgment. The first case was filed on May 14, 2015 [Case. No. 15-11837] and subsequently dismissed on July 15, 2015 for Debtors' failure to comply with credit counseling requirements of 11 U.S.C. § 109(h).

[2] The Court is entitled to take judicial notice of both its own docket sheets and the state court docket sheets. *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Adams v. Watts,* 2009 WL 5101759 (W.D. OK. 2009) (taking judicial notice of the public records of the District Court of Comanche County available on the Internet); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. OK. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 79 Fed.Appx. 383, 391 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R.Evid. 201).

Court's entry of its *Order Denying Motion for Order on Continuation of Automatic Stay and Striking All Other Requests for Relief* on August 3, 2018. [Case No. 18-12669, Doc. 28].

While the Court's Order of August 3, 2018 had found there was no automatic stay in effect, Crescent by an *Application for Declaratory Order Regarding Automatic Stay* sought a "comfort order" that the mortgagee's execution of a sheriff's deed was not violative of the automatic stay. [Case No. 18-12669, Doc. 32]. On August 6, 2018, the Court entered its *Order Granting Application for Declaratory Order Regarding Automatic Stay* again confirming that as of the time of the recordation of a sheriff's deed on May 21, 2018, there was no automatic stay in effect. [Case No. 18-12669, Doc. 34]. Also on August 6, 2018, the Court Clerk of Logan County issued a Writ of Assistance directing the Sheriff of Logan County to place Crescent in full possession of the home of the Youngs which had been foreclosed. [Adv., Doc. 1, pg. 7]. By its Order of August 17, 2018, the State District Court overruled the Youngs' Motion to Vacate Confirmation of Sheriff's Sale. The Youngs did not appeal the state court's overruling their Motion to Vacate. Also on August 17, 2018, the State District Court entered an Order finding that the Writ of Assistance had been executed placing Crescent in legal possession of the property and directing the Youngs to immediately remove all personal property from the property within twenty days or the personal property would be deemed abandoned. The Youngs were served with a copy of the Order on August 22, 2018.

The Youngs filed two motions for this Court to reconsider its August 6, 2018, Order determining that the automatic stay was not in effect. The first of the two Motions [Case No.18-12669, Doc. 41] was stricken by the Court on procedural grounds. [Case No. 18-

4

12669, Doc. 43]. On August 23, 2018, the Court denied the second Motion to Reconsider on substantive grounds, thus reaffirming the Court's prior determination that there was no automatic stay in effect as regarded the state court foreclosure proceedings. [Case No. 18-12669, Doc. 45].

On August 13, 2018, the Youngs commenced the present adversary proceeding by filing, not a complaint, but a *Motion for Emergency Stay to Crescent Management's Writ of Assistance, Set to Expire on Monday, August 13, 2018, at 1:00 PM and Notice of Opportunity of Hearing.* [Adv., Doc.1]. The adversary was not brought against Crescent but against two individuals, Mike Rogers and Justin Tarrant "doing business" under several trade names, including Crescent Management. The relationship of Rogers and Tarrant with Crescent is not stated. Crescent in its Objection to the Motion for Emergency Stay asserted that the "only connection Justin Tarrant has to Crescent is that he was a member of J&T Management, LLC, which entity was at one time a member of Crescent, until it withdrew as a member." [Adv., Doc. 7].

At the same time the Youngs filed their Motion commencing the adversary, they filed an identical Motion as the pleading which had initiated the adversary. [Adv., Doc. 3]. The relief sought by the Motion was for the Court to issue "a stay and a 30 day temporary restraining order ... and other related issues". The Motion alleged that the restraining order was sought so that the Youngs would have additional time to "continue seeking legal representation, attendance at several hearings, relocation and receive funding to remain in the home." From the title of the Motion and the allegations, the Court inferred that the Youngs were seeking to enjoin enforcement of the state court Writ of Assistance with which they had already been served and which the Sheriff had enforced by the Youngs

eviction from their residence.

On September 10, 2018, entered its Order Denying Motion for Emergency Stay of Writ of Assistance. [Adv., Doc. 12]. The Order found that it had already determined on no less than three prior occasions that there was no automatic stay applicable to the state court proceedings [Case No. 18-12669, Docs. 28, 34 and 45], that the Youngs' residence was no longer property of the bankruptcy estate entitled to protection from the state court foreclosure proceedings, and that the Writ of Assistance had already been served and enforced and that any request to enjoin the Writ was moot. By virtue of the fact that the Motion initiating the adversary as a purported "complaint" [Adv., Doc. 1 ] and the Motion which the Court had denied were identical, the same reasons for denying the Motion applied equally to strike the "complaint". Accordingly, on September 12, 2018, the Court entered its Order Striking "Complaint" For Stay of Writ of Assistance. [Adv., Doc. 15]. Young's Motion to Extend Time to Amend Adversary Proceeding now before the Court, without so stating, in effect seeks leave of Court to file a complaint replacing the Motion/"Complaint" the Court struck by its September 12, 2008 Order.

## Discussion

Although Fed.R.Civ.P. 15(a), applicable to bankruptcy proceedings by Fed.R. Bankr.P. 7015(a) provides that leave to amend shall be freely given "when justice so requires", "[a] court may properly deny leave to amend if the amendment would prove futile", and that [a] "proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); ("[I]t is

6

'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."); *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). In the present case, while Young has not proffered an amended complaint, from his Motion it is patently obvious that by an amended complaint he intends to relitigate the state court proceedings in this Court. As a matter of law, this he cannot do.

The Motion alleges that (1) Crescent lacked standing to bring the foreclosure action because it didn't own the note and mortgage and that Young "will show evidence that Crescent was not the primary noteholder pre- or post-foreclosure filing in 2010"[3] [Adv., Doc. 9, pg. 3]; (2) Crescent lacked standing to file summary judgment in the state court action which was granted by the state court; (3) the state court had overruled Young's Motion to Vacate the order confirming the sheriff's sale and the Sheriff's Deed; and (4) Young filed this "4th bankruptcy to vacate the sheriff's sale confirmation." [*Id*., pg.5]. In short, Young seeks to have this Court retry issues already litigated to final judgment in the state court or to have this Court act as an appellate court to review the State Court's decisions. This Court cannot do either.

Young's challenge to Crescent's standing to bring the foreclosure action or to in any way seek to challenge or have this Court review any aspect of the state court action is precluded by the application of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in

---

[3] As mentioned above, this adversary proceeding was not brought against Crescent. The only two named defendants are two individuals that allegedly did business under several trade styles including Crescent Management. Crescent Management, L. L. C., Young's mortgagee who brought the foreclosure proceedings is not properly named as a defendant in this Adversary.

federal court. See, e.g. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 291-92, 125 S.Ct. 1517 (2005); *In re Miller*, 666 F.3d 1255 (10th Cir. 2012). The R*ooker-Feldman* doctrine has been applied to bar collateral attacks on judgments entered in State foreclosure proceedings. *Kline v. Deutsche Bank National Trust Co. (In re Kline)*, 472 B.R. 98, 105 (10th Cir. BAP 2012). In short, federal courts lack subject-matter jurisdiction to review final state court judgments. *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). The *Rooker-Feldman* doctrine is not limited to the preclusion of claims actually litigated and decided on the merits by the state court, it also precludes claims which are inextricably intertwined with the State Court judgment. *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006).

In the foreclosure context, the Tenth Circuit has held that proceedings are final for purposes of *Rooker-Feldman* when granting the requested relief would completely undo the foreclosure and eviction proceedings. *Dillard v. The Bank of New York,* 476 Fed.Appx. 690, 692, n. 3 (10th Cir. 2012). That is exactly what Young has previously attempted to do and been rejected by this Court, and he is attempting to do again by seeking to file an amended complaint. See e.g., *In re Washington*, 469 B.R. 587 (Bankr. W.D. Pa. 2012) (*Rooker-Feldman* doctrine prevents the debtor from challenging the standing of mortgagee to file a proof of claim when the state court had already entered a foreclosure judgment in favor of that mortgagee); *In re Stewart*, 473 B.R. 612, 631 (Bankr. W.D. Pa. 2012) (it would be impossible for bankruptcy court to hold that mortgagee did not have a claim secured by the debtor's property without reviewing or rejecting a state foreclosure judgment); *Sheikani v. Wells Fargo Bank,* 577 Fed.Appx. 610 (7th Cir. 2014) (*Rooker-Feldman* doctrine

prevented appellant from pursuing an argument that foreclosing entity was not the true owner of the loan because the district court lacked jurisdiction to consider such argument); *In re Agard,* 444 B.R. 231, 243-44 (Bankr. E.D. N.Y. 2011) (*Rooker-Feldman* doctrine prevented standing challenge when net effect of upholding such challenge would be to deny mortgagee bank rights granted to it by state court judgment).

It is clear to the Court that it has no jurisdiction to involve itself in any way, shape or manner with what the state court did in the foreclosure action.  Any amended complaint attempting to retry or overturning the state court action would undoubtedly be subject to dismissal.  Accordingly, the Court finds that the filing of an amended complaint would be futile.  Leave to file an amended complaint should therefore be denied.

Before concluding, one additional issue need be addressed. The Plaintiffs' Objection to Crescent's Objection to Plaintiffs' request for an extension of time to file an amended complaint [Adv., Doc. 19] also contains a *Motion To Re Impose Plaintiff's Automatic Stay under Rule 105(a).*  As they have in numerous pleadings, Plaintiffs seek to have this Court challenge or review a final, unappealed state court judgment and proceedings in aid of execution of that judgment.  This Court has previously rejected such requests and does so again by of this Order.

The Court has also on at least three occasions found that the automatic stay was not in effect so as to enjoin or otherwise impede the state court foreclosure proceedings. This Court is without jurisdiction to **"**put the horse back in the barn".   Section 105(a) provides the bankruptcy court with the power to "Issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title ....(or) taking any action

or making any determination necessary or appropriate to enforce or implement court orders or rules ...." Plaintiffs' request to have the Court reimpose the automatic stay to stop the foreclosure proceedings is not "an action necessary or appropriate to enforce or implement court orders." In fact, such a request is in derogation of this Court's prior orders regarding the automatic stay and the *Rooker-Feldman* doctrine preventing this Court from exercising jurisdiction over the state court proceedings.

Accordingly,

**IT IS ORDERED** that the *Motion and Memorandum in Support of Motion to Extend Time to Amend Adversary Proceeding* filed on August 31, 2018, by Plaintiff Ben Young [Adv., Doc. 9] is **Denied**, and this adversary proceeding is **Dismissed with Prejudice.**

**IT IS FURTHER ORDERED** that to the extent that Plaintiffs' *Motion on Objection to Defendant's Objection to Extend Time To Amend, and Re-Impose Plaintiff's Automatic Stay under Rule 105(a)* [Adv., Doc. 19] could be construed as a Motion seeking affirmative relief (rather than an Objection or Reply to Crescent's Objection ), for the reasons set forth above the Motion is hereby **Denied.**[4]

# # #

---

[4] As a Motion, it fails to comply with Local Rule 9013-1.G which requires all motions to contain the words "Notice of Opportunity and Notice of Hearing" in the title of the motion and additional language regarding the "Notice of Opportunity and Notice of Hearing" as provided in that Rule.