**Dated: September 24, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Ben L. Young and | ) | Case No. 18-12669-JDL |
| Marsha Lynn Young, | ) | Ch. 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Ben and Marsha Young, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 18-1070-JDL |
| | ) | |
| Mike Rogers, Justin Tarrant | ) | |
| d/b/a Crescent Management | ) | |
| d/b/a MKR Properties | ) | |
| d/b/a SKR Properties | ) | |
| d/b/a MSK Properties | ) | |
| d/b/a KKS Properties | ) | |
| d/b/a J&T Management, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER STRIKING PLEADING [DOC.11]

This matter comes on for consideration *sua sponte* upon the Plaintiffs Ben and

Marsha Young's pleading titled *Complaint, Plaintiffs' Motion for Defendant to Show Cause of Possession of Primary Note and Transfer of Title etc.* filed on September 7, 2018 (the "Pleading") [Doc. 11].[1]

The title of the Pleading and the allegations therein make it clear that the Youngs are challenging the validity of the state court foreclosure action brought by their mortgagee, Crescent Management, L.L.C. ("Crescent"), and the conduct of its attorneys and alleged agents[2], including: (1) seeking an order from the court for Crescent to show its possession of the Promissory Note at the time it commenced the state court foreclosure proceedings; (2) ordering Crescent to show cause why it should not be held in contempt for filing the state foreclosure proceedings when it didn't have standing to do so; (3) ordering Crescent to show cause why the foreclosure was initiated when Plaintiffs were current in their loan payments; (4) ordering Crescent to show cause why it had title to Plaintiff's property transferred to it by Sheriff's Deed; (5) ordering Crescent to show cause if or why (it's not clear from the allegations) the State Court Writ of Assistance was issued to it; (6) to show cause why Crescent contacted BancFirst to discuss the sheriff's sale; (7) ordering Crescent to show cause why Crescent's attorney made payments to BancFirst apply on its loan; and (8) ordering Crescent to show cause why it did not apply three payments to Plaintiff's loan before filing the foreclosure.

This is at least the fourth time that the Plaintiffs, either in the lead bankruptcy case

---

[1] The full title of the Pleading consists of 29 lines comprised of well over 150 words.

[2] Crescent Management, L.L.C. is a limited liability company. Plaintiffs brought this adversary not against Crescent but against two individuals presumably alleged to at one time have been doing business under the trade style Crescent Management. The Complaint does not state the relationship between Crescent and the individual defendants.

or this adversary, have attempted to have this Court adjudicate matters or issues involved in the state court foreclosure proceedings.  Each time the Court has found that the automatic stay of § 362(a) was not in effect so that Crescent could continue the completion of its state court foreclosure action. [Case No. 18-12669, Docs. 28, 34 and 45]. Most recently, on September 24, 2018, the Court entered its *Order Denying Motion for Leave to File Amended Complaint* [Adv., Doc. 20] on the basis that the *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state court judgment from bringing a case seeking review and rejection of that judgment in federal court.  See, e.g. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 291-92, 125 S.Ct. 1517 (2005); *In re Miller*, 666 F.3d 1255 (10th Cir. 2012).  The Court found there was no basis for this Court exercising jurisdiction over the Plaintiffs' claims and that seeking leave to amend would be futile.  The Plaintiffs, notwithstanding that leave to file an amended complaint was not granted, have filed this Pleading which once again demonstrates the futility in having done so.

The R*ooker-Feldman* doctrine has been applied to bar collateral attacks on judgments entered in State foreclosure proceedings.  *Kline v. Deutsche Bank National Trust Co. (In re Kline)*, 472 B.R. 98, 105 (10th Cir. BAP 2012).  In short, federal courts lack subject-matter jurisdiction to review final state court judgments.  *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).  The *Rooker-Feldman* doctrine is not limited to the preclusion of claims actually litigated and decided on the merits by the state court, it also precludes claims which are inextricably intertwined with the State Court judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006).

In the foreclosure context, the Tenth Circuit has held that proceedings are final for purposes of *Rooker-Feldman* when granting the requested relief would completely undo the foreclosure and eviction proceedings. *Dillard v. The Bank of New York,* 476 Fed.Appx. 690, 692, n. 3 (10th Cir. 2012). That is exactly what the Youngs have previously attempted to do and been rejected by this Court, and they are attempting to do again by seeking to file this Pleading. See e.g., *In re Washington*, 469 B.R. 587 (Bankr. W.D. Pa. 2012) (*Rooker-Feldman* doctrine prevents the debtor from challenging the standing of mortgagee to file a proof of claim when the state court had already entered a foreclosure judgment in favor of that mortgagee); *In re Stewart*, 473 B.R. 612, 631 (Bankr. W.D. Pa. 2012) (it would be impossible for bankruptcy court to hold that mortgagee did not have a claim secured by the debtor's property without reviewing or rejecting a state foreclosure judgment); *Sheikani v. Wells Fargo Bank,* 577 Fed.Appx. 610 (7th Cir. 2014) (*Rooker-Feldman* doctrine prevented appellant from pursuing an argument that foreclosing entity was not the true owner of the loan because the district court lacked jurisdiction to consider such argument); *In re Agard,* 444 B.R. 231, 243-44 (Bankr. E.D. N.Y. 2011) (*Rooker-Feldman* doctrine prevented standing challenge when net effect of upholding such challenge would be to deny mortgagee bank rights granted to it by state court judgment).

It is clear to the Court that it has no jurisdiction to involve itself in any way, shape or manner with what the state court did in the foreclosure action. As stated in the Court's previous Order [Doc. 20], any amended complaint attempting to retry or overturning the state court action would undoubtedly be subject to dismissal, and it is. Accordingly, for the reasons stated above and as contained in the Court's previous Orders [Case No. 18-

4

12669, Docs. 28, 34 and 45 and Doc. 20 in this adversary], which are incorporated herein by reference,

**IT IS ORDERED** that Plaintiffs Ben and Marsha Young's Pleading titled as *Complaint, Plaintiffs' Motion for Defendant to Show Cause of Possession of Primary Note and Transfer of Title etc.* filed on September 7, 2018, [Doc. 11] is hereby **Stricken.**

# # #